UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PORT CHARLOTTE LODGE
'35;2507 ORDER OF THE SONS
OF ITALY IN AMERICA, INC.,

      Plaintiff,

v.                                                      Case No.:  2:24-cv-40-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court are Plaintiff's motion to remand (Doc. 8) and Defendant's motion to dismiss (Doc. 9).  Having considered the motions and Defendant's response (Doc. 14), the Court grants the motion to remand and denies without prejudice the motion to dismiss.

## BACKGROUND

Plaintiff's name indicates that it is a corporation local to Port Charlotte, Florida that celebrates Italian-American heritage.  (Doc. 3 at 1).  As such, Plaintiff owned property in that city. (*Id.* ¶ 5).  Defendant, an insurance company, issued Plaintiff a policy including hurricane coverage for the property from March 11, 2022, to March 11, 2023. (*Id.* at 2, 12).  The policy was "in full force and effect" on September 28, 2022, when Hurricane Ian hit.  (*Id.*

¶¶ 6–7).  The policy identifies the named insured as "Order of the Sons of Italy in America of Port Charlotte Lodge #2507" throughout, (*id.* at 11–13, 19–23, 27, 29, 31–32, 80, 84–85, 87, 94, 97–98), and contains a provision requiring appraisal if the parties disagree about the amount of the loss, (*id.* at 2–3, 48, 59).  On October 13, 2022, Plaintiff notified Defendant of the damage caused to the property by the hurricane. (*Id.* ¶ 8; Doc. 8-2 at 5).

Despite Plaintiff's full cooperation and regular communication with Defendant, Defendant had not made a coverage determination by April 5, 2023; so on that date, Plaintiff filed a notice of intent to sue with the Florida Department of Financial Services.  (Doc. 8-2 at 5); *see* Fla. Stat. § 627.70152(3).

About two weeks later, Defendant informed Plaintiff that the damage to the property's roof and walls and the interior water damage were not covered under the policy.  (Doc. 3 at 2, 101, 105).  The next week, on April 24, Plaintiff demanded appraisal. (*Id.* ¶ 10).  Because Defendant did not select an appraiser as required under the policy, (*id.* ¶ 11), Plaintiff sued Defendant in state court on July 25, 2023, (Doc. 1-3 at 4).  Plaintiff called itself "The Sons of Italy in America Port Charlotte Lodge #2507" in the complaint.  (*Id.*).  Plaintiff brought three counts: one for a declaratory judgment about the appraisal provision and two for breach of the insurance policy (for Defendant's alleged failures to reimburse Plaintiff for the loss and to select an appraiser). (*Id.* at 8–12).

Defendant was served the complaint and summons on July 28, 2023.

(Doc. 8-1 at 2). A month later, on August 30, it moved to dismiss the complaint arguing, among other things, that "The Sons of Italy in America Port Charlotte Lodge #2507" was not a legal entity capable of suing and that the April 5, 2023 notice of intent was inadequate. (Doc. 1-4 at 134, 136–37). In making the first argument, Defendant stated: "The real party in interest is believed to be 'Port Charlotte Lodge #2507 Order of the Sons of Italy in America, Inc.'" (*Id.* at 134).[1] And in making the second argument, Defendant submitted the April 5 notice, which gave "$110,945.00" as Plaintiff's "[e]stimate of [d]amages." (*Id.* at 137–142). Plaintiff responded to the motion by filing an amended complaint on December 14, 2023. (Doc. 3 at 1; *see* Doc. 1-2 at 1). Although the amended complaint corrects Plaintiff's name and has other stylistic changes, it is substantively the same as the initial complaint. (*Compare* Doc. 1-3 at 4–115, *with* Doc. 3 at 1–111). On December 26, 2023, Defendant moved to dismiss the amended complaint, (Doc. 1-5 at 1), and while that motion was pending, on January 12, 2024, Defendant removed the case to this Court based on diversity jurisdiction, (Doc. 1 at 1). On January 29, 2024, Plaintiff filed the instant motion to remand. (*See* Doc. 8).

---

[1] The Court takes judicial notice that the records of the Florida Division of Corporations (available online at https://search.sunbiz.org/) identify "Port Charlotte Lodge #2507 Order of the Sons of Italy in America, Inc." as a Florida corporation with a principal address in (and numerous other ties to) Port Charlotte, Florida. *See* Fed. R. Evid. 201; *Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n*, 177 F. App'x 52, 53 (11th Cir. 2006) (noting that district courts may judicially notice public records).

## LEGAL STANDARD

In ruling on motions to remand, district courts "constru[e] removal statutes strictly and resolv[e] doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). When, within thirty days of the notice of removal, the plaintiff moves to remand based on the untimeliness of the removal and the district court grants the motion, the remand order is unreviewable pursuant to 28 U.S.C. § 1447(d). *Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1160 (11th Cir. 2021).

## DISCUSSION

Where, as here, a case is not removable on the face of the complaint, a defendant seeking removal must file a notice of removal within thirty days "after receipt . . . of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff contends that its April 5, 2023 notice of intent to sue informed Defendant that the federal amount in controversy was satisfied, so Defendant's January 12, 2024 removal was untimely. (Doc. 8 at 3–5). Defendant responds that Plaintiff's name change in the December 14, 2023 amended complaint constituted a "substitution of parties" and initiated "a new lawsuit by a new plaintiff," so the removal was timely. (Doc. 14 at 3–7). The Court discusses the name change and the amount in controversy in turn.

4

## A. The Name Change

In a "mere misnomer" situation, "the correct entity is identified but named under a mistaken name." *Rainer v. York Plaza Truck, Inc*, No. 7:10-cv-535-TMP, 2010 U.S. Dist. LEXIS 153207, at *7 (N.D. Ala. May 28, 2010); *accord AMI Glob. Meeting Sols. v. Fin. Brand*, No. 16-61072-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 191584, at *3 (S.D. Fla. Sep. 28, 2016) ("A mere misnomer is defined as the misdescription of a party[.]" (quoting *G.B. Holdings, Inc. v. Steinhauser*, 862 So. 2d 97, 99 (Fla. 4th DCA 2003))). Mere misnomers "mislead nobody." *Higgins v. City of Savannah*, No. CV417-257, 2018 U.S. Dist. LEXIS 21045, at *9 (S.D. Ga. Feb. 8, 2018) (quoting Richard C. Ruskell, *Georgia Practice and Procedure* § 8.9 (2017–2018 ed.)). They are minor errors that carry little consequence. *See, e.g.*, *Mobolaji v. Bravo Brio Rest. Grp.*, No. 1:18-CV-02902-AT, 2019 U.S. Dist. LEXIS 235358, at *7 (N.D. Ga. Feb. 26, 2019) ("As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled. . . . Georgia cases . . . follow[] this rationale and do not hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process." (alterations in original) (quoting *Mathis v. BellSouth Telecomms., Inc.*, 690 S.E.2d 210, 214 (Ga. Ct. App. 2010))); *Davis v. Nat'l Consumer Servs. Corp.*, No. 1:14-CV-00936-ELR-LTW,

2015 U.S. Dist. LEXIS 180933, at *18 n.11 (N.D. Ga. Feb. 19, 2015) ("[A] mere misnomer of a corporation in a written instrument . . . is not material or vital in its consequences, if the identity of the corporation intended is clear or can be ascertained by proof." (alterations in original) (quoting *Deutsche Bank Nat'l Tr. Co. v. JP Morgan Chase Bank, N.A.*, 704 S.E.2d 823, 828 (Ga. Ct. App. 2010))).

Here, Plaintiff's name change in the amended complaint reflects the correction of a mere misnomer and thus carries little consequence. The insurance policy calls Plaintiff by the name "Order of the Sons of Italy in America of Port Charlotte Lodge #2507," (*e.g.*, Doc. 3 at 11), the initial complaint shortens this name to "The Sons of Italy in America Port Charlotte Lodge #2507," (Doc. 1-3 at 4), and the amended complaint uses the legally correct name "Port Charlotte Lodge #2507 Order of the Sons of Italy in America, Inc.," (Doc. 3 at 1). The "Inc." is the most important part of the name for jurisdictional purposes because it signals Plaintiff's corporate status. *See* Fla. Stat. § 607.0401(1)(a) ("A corporate name . . . [m]ust contain the word 'corporation,' 'company,' or 'incorporated'[;] . . . the abbreviation 'Corp.,' . . . 'Inc.,' or 'Co.['] or the designation 'Corp,' . . . 'Inc,' or 'Co,' as will clearly indicate that it is a corporation instead of a natural person, partnership, or other eligible entity."). But Defendant itself alerted Plaintiff to the misnomer in the initial complaint and supplied the proper naming in the

August 30, 2023 motion to dismiss. (Doc. 1-4 at 134). Because—as Plaintiff's name suggests—Plaintiff is a corporation organized under Florida law with a principal place of business in Florida, a simple search of the online records of the Florida Division of Corporations would have sufficed to ascertain Plaintiff's Florida citizenship. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) ("Corporations are 'citizens' for diversity purposes wherever they are incorporated and have their principal place of business." (citing 28 U.S.C. § 1332(c)(1))). Therefore, by August 30, 2023, Defendant had all the information it needed to assert the parties' diversity of citizenship for removal purposes, mere misnomer notwithstanding.

## B. The Amount in Controversy

That just leaves the amount in controversy. When "the case stated by the initial pleading is not removable solely because" the complaint on its face does not satisfy the amount in controversy, "other paper" from which the defendant may first ascertain the case's removability is defined to include "information relating to the amount in controversy in the record of the [s]tate proceeding, or in responses to discovery." 28 U.S.C. § 1446(c)(3)(A). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (quoting *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399, at *5 (S.D. Fla. Sep. 14, 2010)). "[C]ourts do not permit a

defendant to keep its head in the proverbial sand regarding the amount in controversy." *Garden Terrace Apts. No. 9 Ass'n v. W. Heritage Ins. Co.*, No. 15-cv-62174, 2016 U.S. Dist. LEXIS 190994, at *6 (S.D. Fla. Feb. 11, 2016).

Here, "information relating to the amount of controversy in the record of the [s]tate proceeding," 28 U.S.C. § 1446(c)(3)(A), includes Plaintiff's April 5, 2023 notice of intent to sue, which Defendant submitted as support for the August 30, 2023 motion to dismiss and which showed Plaintiff's damages to be $110,945.00, (Doc. 1-4 at 137–142)—well over the required $75,000.00 amount in controversy, *see* 28 U.S.C. § 1332(a). Thus, by August 30, 2023, Defendant had "other paper" from which to ascertain that the amount in controversy was satisfied for removal purposes. 28 U.S.C. § 1446(c)(3)(A); *Lambertson*, 918 F. Supp. 2d at 1285. Defendant does not argue otherwise. (Doc. 14 at 7 ("[I]t is immaterial whether [Defendant] might have been on notice of the amount in controversy . . . .")). Defendant had thirty days after August 30, 2023, to file its notice of removal, *see* 28 U.S.C. § 1446(b)(3), but did not file the notice until January 12, 2024, (Doc. 1 at 1). Accordingly, the removal was untimely, and the case will be remanded to state court.

Accordingly, it is

**ORDERED**

1. Plaintiff's motion to remand (Doc. 8) is **GRANTED**.

2. Defendant's motion to dismiss (Doc. 9) is **DENIED WITHOUT**

**PREJUDICE** to renew in state court.

3. The Clerk of Court is directed to **REMAND** this case to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record